Kevin **BOOHER,** Plaintiff–
Appellee/Cross–
Appellant,

v.

**NORTHERN KENTUCKY UNIVERSITY
BOARD OF REGENTS, et al.,** Defendants–Appellants/Cross–Appellees.

Nos. 98–6126, 98–6194.

United States Court of Appeals,
Sixth Circuit.

Dec. 21, 1998.

Ordered Published Jan. 7, 1999.

**396**

Before: MARTIN, Chief Judge; RYAN and COLE, Circuit Judges.

BOYCE F. MARTIN, JR., Chief Judge.

Pending before the court are an appeal and a cross-appeal from an order in this civil rights action granting in part, and denying in part, the defendants' motion for summary judgment and granting in part, and denying in part, plaintiff's motion for partial summary judgment. Because there are claims remaining to be adjudicated in this action, the clerk entered an order on October 1, 1998, directing the parties to show cause why their appeals, or portions thereof, should not be dismissed for lack of appellate jurisdiction. The parties have now filed their responses to that order.

 The first appellate issues raised by the defendants arise from the district court's holding that they are not entitled to qualified immunity as to the plaintiff's claim that a vote of censure by the art department faculty violated the plaintiff's freedom of speech. An order denying qualified immunity is immediately appealable insofar as the appeal raises purely legal, rather than factual, issues. *See Johnson v. Jones,* 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Berryman v. Rieger,* 150 F.3d 561 (6th Cir.1998). The defendants state in their response that they are willing to concede any disputed facts for the purposes of appeal, but they preface that concession with a narrative challenging several of the factual determinations underlying the district court's denial of qualified immunity. These include factual disputes as to whether university policy authorizes votes of censure by faculty members, whether the vote simply was the personal expression of faculty members concerned with departmental and professional relationships, whether the vote was intended to be disciplinary in nature, and whether the vote in fact had, or could have in the future, an adverse impact on the plaintiff's employment.[1] In *Berryman,* this court stated that a defendant seeking to take an interlocutory appeal from the denial of qualified immunity "should be prepared to concede the best view of the facts to the plaintiff and discuss only the legal issues raised by the case." 150 F.3d at 564. We

1. We note that in denying summary judgment to the defendants on the censure claim, the district court held that "[t]here is a question of fact regarding the factors that motivated the censure vote...." Memorandum Opinion and Order at 32.

conclude the defendants have not made such an unqualified concession in this case.

■ In an unrelated claim, the defendants also appeal a holding of the district court that the university's Sexual Harassment Policy is facially unconstitutional. The plaintiff cross-appeals the companion holding that, because he did not suffer any adverse employment-related injuries, the Policy was not unconstitutional *as applied to him.* The defendants assert the district court's holding is an injunction that is immediately appealable under 28 U.S.C. § 1292(a)(1). The plaintiff asserts he should be permitted to pursue his appeal if the defendants' appeal is allowed to proceed.

Although the plaintiff apparently sought some form of injunctive relief as part of his action, the district court referred to such relief only once in its 41–page opinion and order, and then only in regard to the issue of whether the Board of Regents had Eleventh Amendment immunity. The court did not expressly grant or deny any injunctive relief in its disposition of the various claims before it, including its rulings on the constitutionality of the Sexual Harassment Policy. Thus, the district court's order does not fall within the literal language of § 1292(a)(1) which permits appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions...."

While caselaw provides that orders having the "practical effect" of granting or denying an injunction may be appealed immediately under § 1292(a)(1), such appeals are permitted only if the order has a "serious, perhaps irreparable, consequence" and the order can be "effectively challenged" only by means of an immediate appeal. *See Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981); *United States v. Bayshore Associates, Inc.,* 934 F.2d 1391, 1395–96 (6th Cir.1991). We perceive neither such serious consequences nor the need for an immediate appeal in this case. The district court has not required or forbidden any party to perform certain acts. Furthermore, the district court's holdings as to the constitutionality of the Sexual Harassment Policy are issues that can be fully raised and ad-

dressed in an appeal from the entry of final judgment in this action.

It therefore is **ORDERED** that these appeals be and they hereby are dismissed for lack of appellate jurisdiction. Such dismissal is particularly appropriate in this case where few claims remain pending before the district court. In the absence of any clear bases for immediate review at this time, unwarranted interlocutory appeals would only delay the ultimate disposition of the action.