Cheryl RAY, Plaintiff–Appellee,

v.

Phil WOLTERS, Defendant–Appellant.

Nos. 00–2345, 00–2469.

United States Court of Appeals,
Sixth Circuit.

March 4, 2002.

Before SILER and BATCHELDER, Circuit Judges; and HOOD, District Judge.*

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky sitting by designation.

PER CURIAM.

Defendant appeals the district court's denial of his motion for summary judgment on the ground of qualified immunity. For the reasons that follow, we AFFIRM.

## I. Factual Background

With one significant (and ultimately dispositive) exception, the relevant facts of this case are undisputed. Plaintiff was a passenger in her car, driven by her son. Defendant, a police officer, recognized plaintiff's son as the subject of an outstanding bench warrant and effected a stop of plaintiff's vehicle. After discussing the matter of the outstanding bench warrant with plaintiff's son, defendant returned to his cruiser to verify that plaintiff's son was, indeed, the subject of the bench warrant. When plaintiff's son "checked out," defendant returned to plaintiff's vehicle and arrested plaintiff's son. After arresting plaintiff's son, defendant asked plaintiff if she would consent to a search of her car. When plaintiff refused, defendant asked plaintiff if she was declining consent because the car contained crack or guns. Plaintiff and her son took great exception to this, and consequently defendant and his partner decided to move plaintiff's son to defendant's cruiser. When he and his partner did so, plaintiff exited the scene by driving off in her car. Defendant made no attempt at pursuit.

The critical factual issue upon which this case (or, at least, the question of qualified immunity) turns is whether defendant—as defendant claims—told plaintiff that he intended to search her car incident to her son's arrest. Plaintiff claims that defendant said nothing of the sort, and that therefore she felt free to drive off. Defendant, however, maintains that he did tell plaintiff that he intended to conduct a search.

After leaving the scene plaintiff drove directly to the police station, where she filed a citizen's complaint against defendant based upon the earlier stop. Defendant's supervisor conducted an informal investigation and concluded that the complaint was without merit.

At some point (it is unclear from the record whether defendant sought a warrant before or after he learned that plaintiff had registered a complaint against him), defendant sought a warrant for plaintiff's arrest. According to defendant, he believed that plaintiff was guilty of obstructing justice because she left the scene before he could search the vehicle incident to the arrest of plaintiff's son. After the county prosecutor reviewed and authorized defendant's warrant request, defendant appeared before a magistrate. Before the magistrate, defendant testified that plaintiff drove off before the vehicle could be searched. Defendant did not, however, testify that he had instructed plaintiff to remain on the scene until her vehicle was searched. The magistrate issued the warrant and plaintiff was later arrested at her workplace.

Several weeks after plaintiff's arrest, a preliminary hearing was held to determine whether plaintiff should be bound over for trial. At this hearing defendant testified that he had informed plaintiff that he would search the vehicle. The magistrate judge bound plaintiff over for trial.

In the end, however, the obstruction charge against plaintiff was dismissed on her motion to quash. The trial court dismissed the charge because it concluded that plaintiff lacked criminal intent to obstruct. The trial court also ruled that the magistrate had erred in binding plaintiff over for trial after the preliminary hearing.

## II. Procedural History

Plaintiff filed an eight-count complaint against defendant, defendant's partner at the scene, and the police official who had investigated plaintiff's complaint. Plaintiff later amended her complaint to add two additional counts and to add the City of Ionia as a defendant. With respect to the instant appeal, only plaintiff's first, second, fourth, fifth, eighth, and ninth count are relevant. Count I alleged false arrest and imprisonment, count II malicious prosecution—both in the form of § 1983 claims. Counts VIII and IX stood as state-law analogues of counts I and II. Count IV alleged retaliation and count V violation of plaintiff's First Amendment rights.

Defendant subsequently moved for summary judgment on all claims. Defendants asserted qualified immunity as a defense only to counts I and II; they did not, however, assert this defense as to counts VIII and IX (the state law analogues to counts I and II), nor as to counts IV or V.

The district court rejected defendant's qualified immunity defense. In so doing, the court conducted a two-part inquiry. "The first question," said the district court, "is whether Plaintiff's Complaint states a claim of the 'violation of a clearly established law.' *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir.1994)). The second question is whether Plaintiff has presented evidence sufficient to create a genuine issue as to whether Defendant Wolters in fact committed the acts that violated the law." The district court went on to note that though qualified immunity is generally a question for the court, "[w]here ... the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability." *Sova v. City of Mount Pleasant*, 142 F.3d 898, 903 (6th Cir.1998). After finding that plaintiff had indeed asserted a violation of clearly established law—the constitutional right to be free from arrest without probable cause—the district court concluded that genuine issues of fact remained such that summary judgment was improper. The district court then concluded that the legal question of qualified immunity turned on whose version of the facts were to be believed—a matter for the jury.

## III. Standard of Review and Legal Standards

■ In any appeal from a denial of summary judgment based on qualified immunity an appellate court must first address the basic question whether jurisdiction is proper. This. is so because interlocutory appellate jurisdiction of district court denials of qualified immunity does not always lie.

■ That district court denials of qualified immunity are "collateral orders" under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), was first made clear in *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). There, the Supreme Court held that a district court's summary judgment order was an immediately appealable "collateral order" where (1) the defendant was a public official asserting the defense of qualified immunity, and (2) *the issue appealed concerned not which facts the parties might be able to prove*, but, rather, whether or not certain given facts showed a violation of clearly established law. *Id.* Later, in *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), the Supreme Court further clarified that appellate jurisdiction over district court denials of summary judgment based on qualified immunity did not always lie, emphasizing that appellate jurisdiction is proper only where a district court's qualified immunity ruling involves questions of law. The Court held in *Jones* that, because "the order in question re-

solved a *fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial ... defendants cannot immediately appeal this kind of fact-related district court determination." *Id.* at 307, 115 S.Ct. 2151. The Court went on to add that "the District Court's determination that the summary judgment record in [the] case raised a genuine issue of fact" rendered interlocutory appeal inappropriate. *Id.* at 313, 115 S.Ct. 2151.

That summary judgment denials of qualified immunity are not always appealable on an interlocutory basis has not been lost upon the Sixth Circuit. Indeed, the Sixth Circuit spoke to this very issue in *Booher v. Northern Kentucky University Board of Regents*, 163 F.3d 395 (6th Cir.1998). In *Booher*, plaintiff claimed that his First Amendment rights were violated when he was censured by the university art department faculty. *Id.* at 396. Defendants moved for summary judgment on the basis of qualified immunity, but this motion was denied. In considering the question of interlocutory appellate jurisdiction, the Sixth Circuit first noted the rule of *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), acknowledging that "an order denying qualified immunity is immediately appealable *insofar as the appeal raises purely legal, rather than factual, issues.*" *Booher*, 163 F.3d at 396 (emphasis added). The court went on to underscore its earlier case law, in which it had stated that "a defendant seeking to take an interlocutory appeal from the denial of qualified immunity 'should be prepared to concede the best view of the facts to the plaintiff and discuss only the legal issues raised by the case.'" *Id.* (quoting *Berryman v. Rieger*, 150 F.3d 561, 564 (1998)). After concluding that the defendants had not made such an "unqualified concession," the court found it necessary

to dismiss for want of appellate jurisdiction. *Id.* at 397.

## IV. Analysis

### 1. Counts I and II

■ Considering the aforementioned standard in the context of the instant case, it is patently clear that this court has no jurisdiction to entertain this interlocutory appeal. This is so because, far from agreeing as to the facts, plaintiff's and defendant's renditions are directly contrasting. As the district court put it, resolution of the dispute "depends on whether Defendant Wolters had probable cause to obtain a warrant and arrest plaintiff. If Plaintiff is believed, then Defendant Wolters did commit the acts that violated her rights. If Defendant Wolters is believed, he was merely carrying out his duties as a police officer." In other words, there remains to be decided an elementary question of fact: Did or did not defendant tell plaintiff that he would search her car incident to the arrest of her son? Under the rule of *Johnson v. Jones*—and as elaborated on in *Booher v. Northern Kentucky University Board of Regents*—the existence of this factual issue renders interlocutory appellate review of defendant's qualified immunity request inappropriate.

In short, defendant asks this court to decide, as a matter of law, that the district court erred in denying defendant qualified immunity. Yet, far from making an "unqualified concession" to plaintiff as to the underlying facts, defendant hotly contests the central fact at issue (whether defendant told plaintiff that he would search her car incident to her son's arrest). The question of qualified immunity—by all accounts a question of law—thus cannot be framed. Because this court has jurisdiction to hear qualified immunity interlocutory appeals only where questions of law

are at issue, this court has no jurisdiction over the instant appeal.

2. Counts IV, V, VIII, and IX

 Defendant's motion for summary judgment asserted qualified immunity as a defense to counts I and II only. Defendant did *not* assert—and the district court consequently did not consider-qualified immunity as a defense to counts IV, V, VIII, and IX. This court may review these final counts, therefore, only if pendent appellate jurisdiction is proper. Pendent jurisdiction is proper only if this court's conclusion on the qualified immunity issue "necessarily and unavoidably" resolves counts IV, V, VIII, and IX. *See Brennan v. Township of Northville,* 78 F.3d 1152, 1157–58 (6th Cir. 1996). Because this court's ruling on counts I and II has no bearing on counts IV, V, VIII, and IX, as to these latter counts pendent appellate jurisdiction does not lie.

## CONCLUSION

For the reasons expressed herein, the decision of the district court is AFFIRMED.