Ajamu M. KAFELE, Plaintiff–
Appellant,

v.

LERNER SAMPSON & ROTHFUSS,
L.P.A., et al., Defendants–
Appellees.

No. 02–4199.

United States Court of Appeals,
Sixth Circuit.

April 1, 2003.

Before MERRITT and BATCHELDER, Circuit Judges; and DUPLANTIER, District Judge.*

### ORDER

Ajamu M. Kafele, a pro se Ohio resident, appeals a district court order dismissing a portion of his complaint filed under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act (FDCPA); a district court order denying his motion for injunctive relief and/or restraining order; and a district court order dismissing his amended complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kafele alleged that he was served with foreclosure proceedings against three properties which he owned. Kafele stated that a summons and complaint filed with each foreclosure action was accompanied by a notice under the FDCPA. However, Kafele alleged that the notices did not comply with the requirements of § 1692(g)(a). The district court dismissed Kafele's complaint as being time-barred with respect to two of the properties. The court also dismissed Kafele's second amended complaint as Kafele had failed to seek the court's permission to file it. Finally, the district court denied Kafele's request for an emergency injunction noting that Kafele's requested relief, the reversal of the state foreclosure actions, was not available under the FDCPA. It is from these three decisions that Kafele appeals. Kafele's allegations regarding an alleged violation of the FDCPA as to the third property is still pending with the district court.

---

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

In his timely appeal, Kafele challenges each of the district court's decisions for several reasons.

This court's jurisdiction is based on the denial of Kafele's request for an injunction. Under 28 U.S.C. § 1292(a)(1), the denial of an injunction is immediately appealable. See Booher v. N. Ky. Univ. Bd. of Regents, 163 F.3d 395, 397 (6th Cir.1998).

The standard for issuance of a preliminary injunction, set forth by this circuit in Vittitow v. City of Upper Arlington, 43 F.3d 1100, 1108–09 (6th Cir.1995), requires analysis of the following factors: 1) whether the applicant has demonstrated a likelihood of success on the merits; 2) whether the applicant will be irreparably injured absent an injunction; 3) whether issuance of the injunction will substantially injure the other interested parties (including defendant); and 4) whether the public interest is advanced by the issuance of the injunction. In his request for injunctive relief, Kafele asked that the district court void the state court's foreclosure proceedings. However, this form of relief is not available under the FDCPA. At most, Kafele would be entitled to $1,000 in damages. See 15 U.S.C. § 1692K. As the relief sought by Kafele was unavailable, the district court did not err in denying him injunctive relief. Thus, the appeal should be dismissed. Booher, 163 F.3d at 397.

One of Kafele's claims is still pending before the district court. We therefore will not address the other claims raised in this appeal, as to do so would result in a piecemeal appellate review. Id.

Finally, we note that Kafele has recently filed with this court a Motion for Produc-

tion of Documents, which has engendered a flurry of additional motions, including the appellees' motion to strike and demand for sanctions and Kafele's own motion for sanctions. We deny each of those motions.

Accordingly, we affirm the district court's order denying the request for injunctive relief and decline to address Kafele's remaining arguments until the district court issues its final judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.